CURL *v*. EARLY.

4-9475                                                   238 S. W. 2d 756

Opinion delivered April 23, 1951.

*W. M. Lee,* for appellant.

*Sharp & Sharp,* for appellee.

ROBINSON, J.  This appeal involves a question of fact. Appellant paid to appellee $650 and received a title retaining note on which there was a balance owed of $333.04, and which had been given by Luther Butler as part-payment on the purchase price of a gasoline engine. Appellee did not have with him the Butler note when he was paid the $650 by appellant, but mailed it to him a short time later.  Appellant claims that it was upon receipt of the note that he discovered the balance owed thereon was only $333.04, rather than $650.

The undisputed evidence is that the engine was well-worth $650.  Later the appellant took possession of the engine and sold it, but the price received is not shown. Appellant filed suit alleging that appellee had falsely represented there was a balance of $650 owed on the note and asked judgment for $316.96, the difference between $333.04 and $650.  The Chancellor found that there had been no false representation and rendered a decree in favor of the appellee.

Butler had paid $325 cash and given a title retaining note for the balance of $333.04, which included $8.04 carrying charge. Butler, who operated a sawmill, borrowed the down-payment of $325 from G. C. Duncan, who was to be repaid in lumber.  Later, Butler made a deal to furnish lumber to appellant and, as part of the

consideration, appellant agreed to advance to Butler money to pay certain obligations to help him straighten out his financial affairs. The money owed on the gasoline engine was one of the debts appellant agreed to pay. Butler represented that $650 was owed on the engine. Appellant and appellee disagree in regard to the exact conversation between them as to the balance owed by Butler. There was a balance owed on the note of $333.04; however, in addition Butler owed Duncan $325 which he had borrowed to make the down-payment.

Appellee testified that he made no representation to appellant whatever except that he would warrant the title to the engine; that appellant made the statement that he understood from Butler that $650 was owed. Appellee further testified that he knew Butler had borrowed $325 from Duncan to make the down-payment and had not repaid Duncan; that he accepted the $650 from appellant and offered to pay Duncan the amount Butler had borrowed to make the down-payment, but Duncan stated that he did not want it because he was going to be paid in lumber by Butler.

Appellee then paid Butler $316.21 by check, which was introduced in evidence. Undoubtedly, Butler represented to appellant that he owed $650 on the engine. In this statement he was not far wrong, as he had borrowed $325 from Duncan to make the down-payment, which had not been repaid, and still owed $333.04 on the title retaining note. The Chancellor's finding that there was no false representation on the part of appellee is not against the preponderance of the evidence.

Affirmed.